UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BILL LIETZKE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF MONTGOMERY, ALABAMA, *et al*., and KEVIN MURPHY, Chief,<br><br>　　　　　　Defendants. | Case No. 1:25-cv-00725-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　Pro se Plaintiff Bill Lietzke, a citizen of Montgomery, Alabama, filed a civil Complaint against various Alabama Defendants who allegedly unlawfully detained and interrogated him in Alabama in 2020. He desires to proceed in forma pauperis.

　　　The Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all non-prisoner pauper complaints to determine whether they have stated a claim upon which relief can be granted before being served on the defendants. 28 U.S.C. § 1915. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

　　　The following problems prevent Plaintiff from proceeding. First, a federal court must satisfy itself that it has authority to exercise personal jurisdiction over the defendant. Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and

---

[1]　　Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, Plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

Personal jurisdiction over a nonresident defendant exists if (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). Plaintiff is a citizen of Alabama, the acts complained of occurred in Alabama, and the Defendants work and reside in Alabama or are Alabama government entities. No facts support a conclusion that the Court has personal jurisdiction over the Alabama defendants.

Second, venue must also be proper. Legal actions may be brought only in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

No facts support a conclusion that venue in Idaho is appropriate for the same reasons that personal jurisdiction does not lie.

Based on the facts alleged in the Complaint, it does not appear that Plaintiff can come forward with any facts showing that this Court has personal jurisdiction over this case or that venue in Idaho is proper. Further, Plaintiff's claims from 2020 appear to be untimely, and, thus,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

transferring this case to the proper Alabama federal district court would not aid in preserving the statute of limitations. Accordingly, Court will dismiss this case without prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's in Forma Pauperis Application (Dkt. 1) is DENIED as MOOT.

2. The Complaint (Dkt. 2) is DISMISSED without prejudice.

DATED: January 22, 2026

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**